Paige, J.
The defendants, Smith and wife, cannot take the objection that their bond and mortgage were given in payment of a subscription to the stock of the company. No such point is raised in the answer. The evidence on that subject was not applicable to any issue made by the pleadings, and was therefore inadmissible. The plaintiff was not bound, in order to establish his right to enforce the collection of the mortgage, to state affirmatively in his bill its consideration. The law will presume, in absence of allegations or evidence to the contrary, that the consideration was a good one, and that the mortgage was a valid security. The defence put forth in the answer, founded on the invalidity of the general act to authorize the business of banking, is not insisted upon. The question as to the constitutionality of that act was put at rest by the decisions of the court of errors in Warner v. Beers (23 Wend., 103) and in Gifford v. Livingston (2 Denio, 380).
The defendants, Smith and wife, insist that they are entitled to a credit on their bond and mortgage for the sum of $2625, the value of the thirty-five shares of stock of Smith, under his agreement with the company. The grounds on which this credit is claimed are: 1st. That the agreement of the company to endorse that sum on the bond of Smith was absolute, and did not depend on the previous consent of the English bondholders; 2d. If in terms conditional, the performance of the condition was not necessary, as the trust deed and the bonds, to secure the payment of which the deed was given, were void, and the company was the legal holder of the bond and mortgage of Smith. It is contended *306 that the bonds are void, because they are usurious, and because they were not authorized by the general banking law, and were prohibited by the act of May 14, 1S40.
The agreement between the company and Smith is conditional. The substance of it is, that the company promises that there shall be endorsed on the bond of Smith $2625, provided the English bondholders consent to it in writing; and should they withhold their consent, that the stock shall be retransferred to Smith.
Smith, by entering into the agreement which recites the trust deed to Curtis and others, and the bonds issued by the company, has recognized their validity, and he is not now at liberty to take the objection that they are void. (4 Denio, 480; 1 Ad. & Ellis, 792; 4 Peters, 83, 86.) The parties to the agreement treated these securities as valid, and chose to make the consent of the holders of the bonds a condition precedent to the endorsement of the stipulated value of the stock on the bond of Smith. If this consent is. refused, Smith cannot say, in the face of the terms of the agreement executed by him, that the consent is immaterial and unnecessary, and that the endorsement must be made without it. The covenant and promise of the company that the endorsement should be made within six months, must be construed in connection with the previous recitals, which contemplate that the endorsement was to be made by the trustees, the holders and the legal owners of Smith’s bond and mortgage. This covenant is made expressly in pursuance of the arrangement previously detailed in the agreement, and in order to carry it into effect- The parties recognised the trustees as the legal owners of the bond and mortgage of Smith, and as the only persons who were capable of making the endorsement; and the covenant of the company was a mere guaranty that the trustees would make the endorsement, provided the bondholders consented thereto- To get rid of this condition, and to change the guaranty of the company into an absolute engagement to make the indorsement, Smith *307 cannot say that the trustees and the bondholders have no interest in the bond and mortgage, and that the whole title, legal and equitable, to the same, is in the company. Smith has no right to raise the question of the validity of the trust deed and of the bonds it was given to secure. That is a question between the receiver of the company and the trustees and bondholders. The plaintiff as special receiver represents in this suit both the receiver and the trustees. The defendant is justly bound to pay his bond and mortgage either to the company or to the trustees. The right to the mortgage moneys will be determined, after they have been collected by the plaintiff. (2 Hill, 526; 9 John., 60; 2 Hill, 522.) If the bonds issued by the company are void, either on the ground of usury or because prohibited by the act of 14 May, 1840 (Laws of 1840, 306, 4), or not authorized by the general banking law, I see nothing which prohibits the company from securing, to- bona fide holders the payment of sums actually advanced for the bonds. A debtor may secure to a creditor, in an assignment, the payment of money actually lent on a security void for usury, with legal interest (7 Paige, 639, 641, 642, 644); and a contract may be made between a creditor and debtor to free a previous usurious contract from the taint of usury. (10 Wheat., 367; 1 Camp., 165, and note; 2 Taun., 184; 2 Hill., 522.) It is not sufficient for the defendants to show that the bonds issued by the company are void ; he must also show that the condition in the agreement is void by reason of its being contrary to public morals, public policy, or positive law, and even this will not be sufficient; for if he shows that the condition is void on the ground of its illegality, he will show the entire agreement to be void, on the principle that a contract which is illegal in part, is void in toto. (Chitty on Con., 692, 693.) This would deprive him of his entire defence.
I am of opinion, that the decree should be affirmed with costs.
*308 Foot, J.
The appellants having omitted to set up in their answer the invalidity of the bond and mortgage, on the ground that they were given for the stock of the company, and that the company had no legal right to take them for it, cannot now claim that they are void for that reason. The appellants, however, have probably lost nothing by that omission, as the judicial history of other bonds and mortgages taken by the .company will show.
Nor can the appellants avail themselves of the decision of this court in the case of Leavitt v. Palmer (3 Comst. 40),. in which the assignments of this and other bonds and mortgages to certain trustees were declared invalid.
The transfer by the trustees to the special receiver in pursuance of the order of the court is in substance a judicial act to preserve the property, and cannot justly be tested by the rules applicable to the voluntary acts of parties. The receiver stands in the place of .the true owner, and if the title he derives from the trustees has any efficacy, it is to return the title to the true owner in disaffirmance of the illegal act of the company, by which it was assigned to the trustees. But there is no necessity in this case of deciding, and no opinion is therefore expressed, on the character of the title which the special receiver derives from the trustees; for if they had none,, as the court has declared they had not, the title which the special receiver acquired from the association, through Leavitt the general receiver., is free from all objection.
The views which the supreme court have taken of the agreement in respect to the endorsement on the bond and mortgage are, in my judgment, correct.
All the judges concurring,
Judgment affirmed with costs.